## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOBBY ALLEN BRYANT,<br><br>    Plaintiff,<br><br>         v.<br><br>BUREAU OF PRISONS,<br><br>    Defendant. | Civil Action No.  04-2263 (JDB) |

### MEMORANDUM OPINION

Plaintiff, a federal inmate appearing *pro se*, brought this action pursuant to the Privacy Act, 5 U.S.C. § 552a.  Defendant has filed a motion to dismiss.  Because the Court finds that the Bureau of Prisons' ("BOP") records at issue are exempt from the relevant provisions of the Privacy Act, the motion will be granted and the case dismissed.

*Statement of Facts*

Plaintiff was convicted in the United States District Court for the Southern District of Florida of conspiracy to possess with the intent to distribute cocaine, using and carrying a firearm during a drug trafficking offense, possession of a firearm by a convicted felon, and possession of a firearm with an obliterated serial number.  Complaint ("Compl."), p. 2; *United States v. Brantley*, 68 F.3d 1283, 1286 (11th Cir. 1995), *cert. denied*, 517 U.S. 1111 (1996).  On October 8, 2003, plaintiff filed a request with his case manager at the Federal Correctional Complex in Coleman, Florida ("FCC-Coleman") that his presentence investigation report ("PSI") be amended because it inaccurately determined he was a "career offender" pursuant to U.S.S.G. § 4B1.1.  Compl.,

Exhibit ("Ex.") E.  Plaintiff alleged that the PSI erroneously counted two prior cases of robbery and murder as separate convictions when in fact they were only one.  *Id.*

Plaintiff's request was forwarded to the United States Probation Office in Miami, Florida. *Id.*  On November 21, 2003, the Probation Office responded that plaintiff was accurately classified as a career offender because the two offenses were filed and tried separately.  *Id.*, Exs. F& H. Plaintiff sought administrative review of BOP's refusal to amend his records and he was denied relief.  *Id.*, Ex. O.

On October 13, 2003, plaintiff submitted a second request to his case manager regarding his PSI.  *Id.*, Ex. E.  Plaintiff alleged that his offense level should be reduced because the jury made no finding on the drug quantity attributable to plaintiff.  *Id.*  He also contended that he should not have been sentenced for possession of an automatic weapon because the indictment did not cite the applicable penalty provision.  *Id.*  The Probation Office responded that at the time of plaintiff's sentencing it was not necessary for the indictment to allege the quantity of drugs or the applicable penalty provision.  *Id.*, Ex. F.  Therefore, the Probation Office maintained, plaintiff's sentence is lawful.  *Id.*  Consequently, BOP denied plaintiff's request to amend his inmate files. *Id.*, Ex. O.

Plaintiff claims that the alleged inaccuracies in his PSI have caused adverse determinations regarding his custody and security classification, his eligibility for a transfer to a medium security facility, and his release date.  *Id.*, p. 5.  Plaintiff seeks declaratory and injunctive relief and monetary damages in the amount of $1 million.  *Id.,* p. 11.

### *Standard of Review*

Defendant moves to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of

Civil Procedure. In ruling on the motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Analysis*

The Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The Privacy Act permits an individual to request an amendment to a record pertaining to him and requires the agency either to promptly correct the record or to explain its reasons for refusing to amend. *See* 5 U.S.C. § 552a(d)(2). An individual may bring a civil action if the agency declines to amend the record or fails to maintain accurate records and the plaintiff suffers an adverse determination as a result of the agency's decision. 5 U.S.C. § 552a(g)(1)(C). A plaintiff can recover monetary damages if the agency's conduct was intentional or willful. 5 U.S.C. § 552a(g)(4).

To prevail on a Privacy Act claim for damages, plaintiff must show (1) the agency failed to maintain accurate records; (2) that the agency's conduct was intentional or willful; and (3) that an

adverse determination was made respecting the plaintiff due to the inaccurate record. *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 582 (D.C. 2002).  Plaintiff has the burden of proving that the agency's actions in violating the Privacy Act were intentional or willful.  *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984); 5 U.S.C. § 552a(g)(4).  A willful or intentional act is "an act without grounds for believing it to be lawful, or [an act done] by flagrantly disregarding others' rights ... or a violation ... so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful."  *Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 660 (D.C. Cir. 1996).

Defendant moves to dismiss on the grounds that a PSI in BOP's files is a record exempt from the Privacy Act's amendment, accuracy and damages provisions.  An agency may promulgate regulations to exempt certain systems of records within the agency from the Privacy Act.  *See* 5 U.S.C. § 552a(j)(2).  Systems of records containing investigatory material compiled for law enforcement purposes are exempt.  *See* 5 U.S.C. § 552a(k)(2).  Pursuant to this authority, regulations exempt BOP's Inmate Central Records System.  *See* 28 C.F.R. § 16.97(a)(4).   Because a PSI is maintained in the Inmate Central Records System, a plaintiff is barred from pursuing a Privacy Act amendment claim challenging the contents of the PSI.  *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998).   In addition, pursuant to 5 U.S.C. § 552a(j)(2), BOP's Inmate Central Records System is exempt from subsection (e)(5) of the Privacy Act.  *Barbour v. United States Parole Comm'n*, 2005 WL 70041 (D.C. Cir. Jan. 13, 2005 )(per curiam) at *1; *Skinner v. U.S. Dep't of Justice*, 2005 WL 1429255 (D.D.C. June 17, 2005) at *2.  *See also* 28 C.F.R. § 16.97(j) (effective August 9, 2002).  Accordingly, plaintiff cannot bring a Privacy Act claim for damages against the BOP based on its alleged failure to maintain accurate

records in the Inmate Central Records System.

### *Conclusion*

Based on the foregoing, defendant's motion to dismiss will be granted. An appropriate order will accompany this Memorandum Opinion.

_____
JOHN D. BATES
United States District Judge

Dated:   September 27, 2005